AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

__EASTERN__ District of __NEW YORK__

UNITED STATES OF AMERICA    JUDGMENT IN A CRIMINAL CASE
V.

__EDMUND BOYLE__    Case Number:    03 CR 0970(SJ)

USM Number:    02680-748

__Martin Geduldig, Esq.,__

__400 South Oyster Bay Road, Suite 304, Hicksville, NY 11801__
Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

✖ was found guilty on count(s) 1-3, 5-9, 11-13
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense | Count |
|---|---|---|---|
| 18 USC 1962(c), 1963 | Racketeering | 08/28/2003 | 1 |
| 18 USC 1962(d), 1963 | Racketeering Conspiracy | 08/28/2005 | 2 |
| 18 USC 371 | Bank Burglary Conspiracy | 02/2002 | 3 |
| 18 USC 2113(a) 1963 | Bank Burglary | 10/12/98 | 5 |
| 18 USC 2113(a) 1963 | Attempted Bank Burglary | 10/12/98 | 6 |
| 18 USC 2113(a) 1963 | Attempted Bank Burglary | 10/24/98 | 7, 8 |
| 18 USC 2113(a) 1963 | Bank Burglary | 10/31/98 | 9 |
| 18 USC 2113(a) 1963 | Bank Burglary | 12/20/98 | 11 |
| 18 USC 2113(a) 1963 | Bank Burglary | 01/09/99 | 12 |
| 18 USC 2113(a) 1963 | Bank Burglary | 01/11/2005 | 13 |

The defendant is sentenced as provided in pages __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

✖ The defendant has been found not guilty on count(s) __4__

✖ Count(s) __all open counts__ ☐ is ✖ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

__July 22, 2005__
Date of Imposition of Judgment

__/s/SJ__
Signature of Judge

__STERLING JOHNSON, JR., U.S.D.J.__
Name and Title of Judge

__July 22, 2005__
Date

A TRUE COPY ATTEST
DATE: _____
ROBERT C HEINEMANN
CLERK OF COURT
By: August Marziliano
Deputy Clerk

AO 245B (Rev: 12/03) Judgment in Criminal Case
Sheet 2 — Imprisonment

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of: one hundred and fifty one (151) months on counts 1,2,5-9, 11-13, and sixty (60) months on count 3. Terms of imprisonment to run concurrent to each other for a total of one hundred and fifty one (151) months. If it is determined on appeal that the Court can credit the defendant with time spent on defendant's expired State Court sentence, then the Court will amend the Judgment to reflect that change after the Court of Appeals renders a decision.

**☒** The court makes the following recommendations to the Bureau of Prisons:

**The defendant shall be placed in a substance abuse treatment program while in custody. If it is possible that such a program is in FCI Fort Dix, the Court will recommend that the defendant be placed in that institution.**

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of

    ☐ before 5 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____
a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **EDMUND BOYLE**
CASE NUMBER: **03 CR 0970(SJ)**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **three (3) years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **EDMUND BOYLE**
CASE NUMBER: **03 CR 0970(SJ)**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Order of Forfeiture** |
|---|---|---|---|
| **TOTALS** | $ 1100.00 | $ | $ 80,000.00 |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS**       $ _____       $ _____

☐ Restitution amount ordered pursuant to plea _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

  ☐ the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **EDMUND BOYLE**
CASE NUMBER: **03 CR 0970(SJ)**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☒ Lump sum payment of __1100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in _____ (e.g., weekly, monthly, quarterly) installments _____ over a period of _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in _____ (e.g., weekly, monthly, quarterly) installments _____ over a period of _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that

F ☒ Special instructions regarding the payment of criminal monetary penalties:

    **Order of Forfeiture to be paid in accordance with the attached order.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court

    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: **EDMUND BOYLE**
CASE NUMBER: **03 CR 0970(SJ)**
DISTRICT: **EASTERN DISTRICT OF NEW YORK**

# STATEMENT OF REASONS
(Not for Public Disclosure)

**✖ THE COURT ADOPTS THE PRESENTENCE REPORT AND GUIDELINE APPLICATIONS WITHOUT CHANGE.**

**OR**

**THE COURT ADOPTS THE PRESENTENCE REPORT AND GUIDELINE APPLICATIONS BUT WITH THESE CHANGES:** (Use Page 3, if necessary.)

- **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level or specific characteristics):.

- ☐ **Chapter Three of the U.S.S.G. Manual** adjustment determinations by court (including changes to victim-related role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

- ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or career offender, or criminal livelihood determinations):

☐ **THE COURT ADOPTS THE PRESENTENCE REPORT WITH THESE COMMENTS OR FINDINGS** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on makes inmate classification, designation, or programming decisions. Specify court comments or findings, including the presentence report.) (Use Page 3, if necessary.)

**GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**

Total Offense Level: __31__
Criminal History Category: __II__
Imprisonment Range: __121__ to __151__ months
Supervised Release Range: __2__ to __3__ years
Fine Range: __1,500.00__ to __150,000.00__

**✖** Fine waived or below the guideline range because of inability to pay.

**THE SENTENCE IS WITHIN THE GUIDELINE RANGE, THAT RANGE DOES NOT EXCEED 24 MONTHS, AND THE COURT FINDS NO REASON TO DEPART.**

**OR**

**✖ THE SENTENCE IS WITHIN A GUIDELINE RANGE, THAT RANGE EXCEEDS 24 MONTHS, AND THE SPECIFIC SENTENCE IS IMPOSED FOR THESE REASONS:** (Use Page 3, if necessary.)

The high end of the guideline is appropriate for punishment and deterrence.

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Attachment (Page 2) — Statement of Reasons

DEFENDANT: **EDMUND BOYLE**
CASE NUMBER: **03 CR 0970(SJ)**
DISTRICT: **EASTERN DISTRICT OF NEW YORK**

# STATEMENT OF REASONS
(Not for Public Disclosure)

## RESTITUTION DETERMINATIONS

Total Amount of Restitution: **$192,306.34**

☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

✖ Restitution is not ordered for other reasons: An order of forfeiture was issued.

☐ Partial restitution is ordered under 18 U.S.C. § 3663(c) for these reasons:

## DEPARTURE (Check all that apply)

The sentence departs <u>below the guideline range</u> for the following reasons; or
☐ The sentence departs <u>above the guideline range</u> for the following reasons:

### Pursuant to a Plea Agreement
☐ based on 5K1.1 motion of the government based on the defendant's substantial assistance;
☐ based on a government motion pursuant to an early disposition program;
☐ based on a binding plea agreement for departure which the court has accepted (cite below reason, if applicable);
☐ based on a plea agreement which <u>cites the below reason</u> for departure, which the court finds to be justified; or
☐ based on a plea agreement which states that the government will not oppose a defense departure motion and <u>cites the below reason</u>.

### Pursuant to a Motion Not Addressed in a Plea Agreement
☐ pursuant to a 5K1.1 motion of the government based on the defendant's substantial assistance;
☐ pursuant to a government motion based on the below <u>reason</u> for departure; or
  pursuant to a defense motion <u>based on the below reason</u> for departure to which the government has not objected; or
☐ pursuant to a defense motion <u>based on the below reason</u> for departure to which the government has objected.

Other than plea agreement or motion by the parties <u>based on the below reason</u> for departure.

### Reason(s) for Departure

| | | |
|---|---|---|
| ☐ 4A1.3 Criminal History Adequacy | ☐ 5K2.8 Extreme Conduct | ☐ 5K2.16 Voluntary Disclosure of Offense |
| ☐ 5K2.0 Aggravating or Mitigating Circumstances (explain): | ☐ 5K2.9 Criminal Purpose | ☐ 5K2.17 High-Capacity Semiautomatic |
| | ☐ 5K2.10 Victim's Conduct | ☐ 5K2.18 Violent Street Gang |
| ☐ 5K2.1 Death | ☐ 5K2.11 Lesser Harm | **5K2.20 Aberrant Behavior** |
| ☐ 5K2.2 Physical Injury | ☐ 5K2.12 Coercion and | ☐ 5K2.21 Dismissed and Uncharged Conduct |
| ☐ 5K2.3 Extreme Psychological Injury | ☐ 5K2.13 Diminished Capacity | **5K2.22 Age or Health of Sex** |
| ☐ 5K2.4 Abduction or Unlawful Restraint | ☐ 5K2.14 Public Welfare | ☐ 5K2.23 Discharged Terms of Imprisonment |
| ☐ 5K2.5 Property Damage or Loss | | ☐ 5K3.1 Early Disposition, "fast-track" Program |
| ☐ 5K2.6 Weapons and Dangerous | | |
| ☐ 5K2.7 Disruption of Government | | |

Other (e.g., 2B1.1 commentary, 5H1.1-5H1.6 or 5H1.11)(explain and state guideline and/or

DEFENDANT: **EDMUND BOYLE**
CASE NUMBER: **03 CR 0970(SJ)**
DISTRICT: **EASTERN DISTRICT OF NEW YORK**

# STATEMENT OF REASONS
(Not for Public Disclosure)

**ADDITIONAL PRESENTENCE REPORT AND GUIDELINE APPLICATION CHANGES**
(If necessary.)

**SPECIFIC SENTENCE IS IMPOSED FOR THESE REASONS**
(If necessary.)

**ADDITIONAL COMMENTS OR FINDINGS CONCERNING INFORMATION IN PRESENTENCE REPORT**
(If necessary.)

**ADDITIONAL REASONS FOR DEPARTING FROM THE GUIDELINE RANGE**
(If necessary.)

| | |
|---|---|
| Defendant's Soc. Sec. 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 | July 22, 2005 |
| Defendant's Date of 11/02/1964 | Date of Imposition of Judgment |
| Defendant's Residence custody | Signature of Judge |
| Defendant's Mailing Address : | STERLING JOHNSON, JR., U.S.D.J. |
| | Name and Title of Judge |
| | July 22, 2005 |
| | Date Signed |

MEF:TJS:JL
F.# 2003R01942

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

EDMUND BOYLE,
    also known as "Edward"
    and "Eddie,"

        Defendant.

- - - - - - - - - - - - - - - - -X

ORDER OF FORFEITURE

Cr. No. 03-970 (S-1) (SJ)

WHEREAS, in Count One and Count Two of the above-captioned Superseding Indictment, the United States of America sought forfeiture, pursuant to 18 U.S.C. § 1963, of any property, in which the defendant EDMUND BOYLE, also known as "Edward" and "Eddie," acquired or maintained an interest in violation of 18 U.S.C. § 1962, including any interest in, security of, claim against, proprietary or contractual right of any kind affording a source of influence over any enterprise the defendant BOYLE has established, operated, controlled, conducted or participated in the conduct of, in violation of 18 U.S.C. § 1962, and any property constituting or derived from, any proceeds which the defendant BOYLE obtained, directly or indirectly, from racketeering in violation of 18 U.S.C. § 1962.

WHEREAS, in Count Three of the above-captioned Superseding Indictment, the United States of America sought

forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any property in which the defendant Boyle had an ownership interest constituting or derived from proceeds traceable to the bank burglary conspiracy, in violation of 18 U.S.C. § 371.

WHEREAS, after a jury trial, on March 21, 2005, the defendant BOYLE was convicted of, *inter alia*, Count One and Count Two of the Superseding Indictment, to wit, 18 U.S.C. § 1962, and Count Three of the Superseding Indictment, to wit, 18 U.S.C. § 371.

WHEREAS, on March 21, 2005, in a special verdict entered at the conclusion of the forfeiture phase of the criminal trial, the jury found that the following property of the defendant BOYLE identified in the criminal forfeiture allegations of the Superseding Indictment is subject to forfeiture: (i) a sum of money equal to $40,000.00 in United States currency with respect to Counts One and Two of the Superseding Indictment; and (ii) a sum of money equal to $40,000.00 in United States currency with respect to Count Three of the Superseding Indictment.

WHEREAS, by virtue of the above, pursuant to 18 U.S.C. § 1963 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America is now entitled to a Forfeiture Money Judgment against the defendant BOYLE in the amount of $40,000.00 with respect to Counts One and Two of the Superseding

Indictment.

WHEREAS, by virtue of the above, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America is now entitled to a Forfeiture Money Judgment against the defendant BOYLE in the amount of $40,000.00 with respect to Count Three of the Superseding Indictment.

It is HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 1963, 28 U.S.C. § 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure, a Forfeiture Money Judgment in the total amount of $80,000.00 is entered against the defendant BOYLE.

2. All payments on the Forfeiture Money Judgment to the United States shall be made by bank or certified check made payable to the "United States Marshals Service" and delivered by overnight mail to the United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

3. The United States Marshals Service for the Eastern District of New York shall deposit all payments on the Forfeiture Money Judgment in accordance with applicable laws and regulations.

4. The United States Attorney General, or his designee, is hereby authorized to take possession of any property

of the defendant BOYLE in satisfaction of the Forfeiture Money Judgement and to take any and all steps necessary to safeguard, protect and preserve said property pending its disposition.

5. Until the Forfeiture Money Judgment is fully satisfied, the defendant Boyle shall not, directly or indirectly, engage in any effort to transfer, sell, assign, pledge, hypothecate, encumber or dispose of in any manner, or cause to be transferred, sold, assigned, hypothecated, encumbered, or disposed of in any manner the property subject to forfeiture.

6. The United States of America shall have clear title to all the forfeited funds.

7. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order shall be made part of the sentence and included in the judgment.

8. The Clerk of the Court is directed to send three certified copies of this executed Order of Forfeiture to Assistant United States Attorney Elaine Banar, United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
July ___, 2005

THE HONORABLE STERLING JOHNSON, JR.
UNITED STATES DISTRICT JUDGE

4